1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

11

| | | |
|---|---|---|
| In re VERITAS SOFTWARE CORPORATION SECURITIES LITIGATION | ) ) ) | Master File No. C-03-0283-MMC |
| This Document Relates To: | ) ) ) | CLASS ACTION |
| ALL ACTIONS. | ) ) ) | ~~[PROPOSED]~~ ORDER APPROVING REVISED NOTICE AND PROVIDING FOR HEARING |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   WHEREAS, a consolidated class action is pending before the Court entitled *In re VERITAS*

2   *Software Corporation Securities Litigation*, Master File No. C-03-0283-MMC (the "Litigation");

3   WHEREAS, the Stipulation of Settlement dated as of January 26, 2005, and the Amendment

4   to Stipulation of Settlement filed May 4, 2005 (collectively the "Stipulation"), have been entered

5   into by the Lead Plaintiffs and Defendants, and the Court has reviewed the Stipulation and its

6   attached Exhibits; and

7   WHEREAS, the Settling Parties seek approval to mail a revised notice to the Settlement

8   Class and set a hearing to consider the settlement; and

9   WHEREAS, all defined terms contained herein shall have the same meanings as set forth in

10   the Stipulation;

11   NOW, THEREFORE, IT IS HEREBY ORDERED:

                                                                  July 29, 2005,

12   1.   A hearing (the "Settlement Hearing") shall be held before this Court on ~~July 8, 2005,~~

13   at 9:00 a.m., at the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California,

14   to determine whether the proposed settlement of the Litigation on the terms and conditions provided

15   for in the Stipulation is fair, reasonable and adequate to the Settlement Class and should be approved

16   by the Court; whether a Judgment as provided in ¶1.9 of the Stipulation should be entered herein;

17   whether the proposed Plan of Allocation should be approved; and to determine the amount of fees

18   and expenses that should be awarded to Lead Counsel.  The Court may adjourn the Settlement

19   Hearing without further notice to Members of the Settlement Class.

20   2.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily

21   certifies, for purposes of effectuating this settlement, a Settlement Class of all Persons who

22   purchased or acquired VERITAS securities during the period between January 3, 2001 and January

23   16, 2003, inclusive.  Excluded from the Settlement Class are Defendants, members of the immediate

24   families of the Individual Defendants, any entity in which any Defendant has or had a controlling

25   interest, current or former directors and officers of VERITAS, and the legal representatives, heirs,

26   successors, or assigns of any such excluded person or entity.  Also excluded from the Settlement

27   Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant

28

[PROPOSED] ORDER APPROVING REVISED NOTICE AND
PROVIDING FOR HEARING - C-03-0283-MMC                                              - 1 -

1   to the Notice of Pendency and Proposed Settlement of Class Action.  The certification of the

2   Settlement Class shall be binding only with respect to the settlement of the Litigation.

3       3.      With respect to the Settlement Class, this Court preliminarily finds for purposes of

4   effectuating this settlement that (a) the Members of the Settlement Class are so numerous that

5   joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of

6   law and fact common to the Settlement Class which predominate over any individual questions; (c)

7   the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class; (d) the Lead

8   Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of all

9   of the Settlement Class Members; and (e) a class action is superior to other available methods for the

10  fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the

11  Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent

12  and nature of any litigation concerning the controversy already commenced by Members of the

13  Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in

14  this particular forum; and (iv) the difficulties likely to be encountered in the management of the

15  Litigation.

16      4.      The Court approves, as to form and content, the Revised Notice of Pendency and

17  Proposed Settlement of Class Action (the "Notice"), the Revised Proof of Claim and Release form

18  (the "Proof of Claim") and the Summary Notice annexed as Exhibits A-1, A-2 and A-3 hereto, and

19  finds that the mailing and distribution of the Notice and publishing of the Summary Notice

20  substantially in the manner and form set forth in ¶¶5-6 of this Order meet the requirements of

21  Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the

22  circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

23      5.      Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the firm of RG/2

24  Claims Administration LLC ("Claims Administrator") shall continue to supervise and administer the

25  notice procedure as well as the processing of claims as more fully set forth below:

26          (a)     Not later than ~~May 23~~ May 17, 2005 (the "Notice Date"), Lead Counsel shall cause a

27  copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-

28

[PROPOSED] ORDER APPROVING REVISED NOTICE AND
PROVIDING FOR HEARING - C-03-0283-MMC                                                    - 2 -

1    2, to be mailed by first class mail to all Settlement Class Members who can be identified with

2    reasonable effort;

3            (b)      Not later than ~~May 25~~, May 17, 2005, Lead Counsel shall cause the Summary Notice to

4    be published once in *Investor's Business Daily*; and

5            (c)      At least ~~seven (7)~~ fourteen calendar days prior to the Settlement Hearing, Lead Counsel

6    shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or

7    declaration, of such mailing and publishing.

8        6.      Nominees who purchased or acquired VERITAS securities during the period

9    beginning January 3, 2001 through January 16, 2003, inclusive, shall send the Notice and the Proof

10    of Claim to all beneficial owners of such VERITAS securities within ten (10) days after receipt

11    thereof, or send a list of the names and addresses of such beneficial owners to the Claims

12    Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall

13    promptly mail the Notice and Proof of Claim to such beneficial owners. Lead Counsel shall, if

14    requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-

15    pocket expenses incurred in providing notice to beneficial owners who are Settlement Class

16    Members out of the Class Notice and Administration Fund, which expenses would not have been

17    incurred except for the sending of such notice, subject to further order of this Court with respect to

18    any dispute concerning such compensation.

19        7.      All Members of the Settlement Class shall be bound by all determinations and

20    judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the

21    Settlement Class.

22        8.      Settlement Class Members who wish to participate in the settlement shall complete

23    and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the

24    Court orders otherwise, all Proof of Claim forms must be submitted no later than ninety (90) days

25    from the Notice Date. Any Settlement Class Member who does not timely submit a Proof of Claim

26    within the time provided for shall be barred from sharing in the distribution of the proceeds of the

27    Net Settlement Fund, unless otherwise ordered by the Court.

28

9. Any Person who desires to request exclusion from the Settlement Class shall do so within the time set forth and in the manner described in the Notice. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.

10. Any Member of the Settlement Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

11. Any Member of the Settlement Class may appear and show cause, if he, she or it has any reason, why the proposed settlement of the Litigation should or should not be approved as fair, reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Counsel, unless that Person has delivered by hand or sent by first class mail written objections and copies of any papers and briefs such that they are received on or before ~~June 24,~~ July 5, 2005, by: Lerach Coughlin Stoia Geller Rudman & Robbins LLP, Joy Ann Bull, 401 B Street, Suite 1600, San Diego, California 92101; and Wilson Sonsini Goodrich & Rosati, P.C., Peri Nielsen, 650 Page Mill Road, Palo Alto, California 94304, and filed said objections, papers and briefs with the Clerk of the United States District Court for the Northern District of California, on or before ~~June 24,~~ July 5, 2005. Any Member of the Settlement Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel, unless otherwise ordered by the Court.

[PROPOSED] ORDER APPROVING REVISED NOTICE AND
PROVIDING FOR HEARING - C-03-0283-MMC                                    - 4 -

12.   All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

13.   All papers in support of the settlement, the Plan of Allocation, and the application by Lead Counsel for attorneys' fees or reimbursement of expenses shall be filed and served ~~seven (7)~~ fourteen calendar days before the Settlement Hearing.

14.   Neither Defendants nor their Related Parties shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the settlement.

15.   At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or reimbursement of expenses shall be approved.

16.   All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiffs nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund.

17.   Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants or their Related Parties of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

18.   The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

[PROPOSED] ORDER APPROVING REVISED NOTICE AND
PROVIDING FOR HEARING - C-03-0283-MMC                                    - 5 -

APPROVED

Judge Maxine M. Chesney

1   DATED:   May 6, 2005

2

THE HONORABLE MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE

3

Submitted by:

4   LERACH COUGHLIN STOIA GELLER
5     RUDMAN & ROBBINS LLP
    PATRICK J. COUGHLIN
6   JEFFREY W. LAWRENCE
    SHAWN A. WILLIAMS
7   SHIRLEY H. HUANG
    LUKE O. BROOKS
8   100 Pine Street, Suite 2600
    San Francisco, CA  94111
9   Telephone:  415/288-4545
    415/288-4534 (fax)

10  LERACH COUGHLIN STOIA GELLER
11    RUDMAN & ROBBINS LLP
    WILLIAM S. LERACH
12  JOY ANN BULL

13

14  _____/s/ Joy Ann Bull_____
                 JOY ANN BULL

15  401 B Street, Suite 1600
16  San Diego, CA  92101
    Telephone:  619/231-1058
17  619/231-7423 (fax)

18  Lead Counsel for Plaintiffs

19  DeCARLO & CONNOR
    JOHN T. DeCARLO
20  DANIEL M. SHANLEY
    533 South Fremont Avenue, 9th Floor
21  Los Angeles, CA 90071-1706
    Telephone: 213/488-4100
22  213/488-4180 (fax)

23  SCHRECK BRIGNONE
    ANDREW S. BRIGNONE
24  300 South Fourth Street, Suite 1200
    Las Vegas, NV  89101
25  Telephone:  702/382-2101
    702/382-8135 (fax)

26  Counsel for Plaintiffs

27  S:\Settlement\Veritas.set\ORD00020663.doc

28

[PROPOSED] ORDER APPROVING REVISED NOTICE AND
PROVIDING FOR HEARING - C-03-0283-MMC                      - 6 -

# EXHIBIT A-1

1  LERACH COUGHLIN STOIA GELLER
      RUDMAN & ROBBINS LLP
2  PATRICK J. COUGHLIN (111070)
   JEFFREY W. LAWRENCE (166806)
3  SHAWN A. WILLIAMS (213113)
   SHIRLEY H. HUANG (206854)
4  LUKE O. BROOKS (212802)
   100 Pine Street, Suite 2600
5  San Francisco, CA  94111
   Telephone:  415/288-4545
6  415/288-4534 (fax)
         - and -
7  WILLIAM S. LERACH (68581)
   JOY ANN BULL (138009)
8  401 B Street, Suite 1600
   San Diego, CA  92101
9  Telephone:  619/231-1058
   619/231-7423 (fax)
10
   Lead Counsel for Plaintiffs
11

12

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15
   In re VERITAS SOFTWARE              )  Master File No. C-03-0283-MMC
16 CORPORATION SECURITIES LITIGATION )
                                       )  CLASS ACTION
17 This Document Relates To:           )
                                       )  REVISED NOTICE OF PENDENCY AND
18      ALL ACTIONS.                    )  PROPOSED SETTLEMENT OF CLASS
                                       )  ACTION
19
                                          EXHIBIT A-1
20

21

22

23

24

25

26

27

28

*IF YOU PURCHASED OR ACQUIRED VERITAS SOFTWARE CORPORATION SECURITIES BETWEEN JANUARY 3, 2001 AND JANUARY 16, 2003, YOU COULD GET A PAYMENT FROM A CLASS ACTION SETTLEMENT.*

A federal court authorized this Notice. This is not a solicitation from a lawyer.

**Securities and Time Period:** VERITAS Software Corporation ("VERITAS") common stock, 5.25% Convertible Subordinated Notes due 2004 ("5.25% Notes"), 1.856% Convertible Subordinated Notes due 2006 ("1.856% Notes), and options purchased or acquired between January 3, 2001 and January 16, 2003.

**Settlement Fund:** $35,000,000 in cash. Your recovery will depend on the amount of securities purchased and the timing of your purchases and any sales. Depending on the number and type of eligible securities that participate in the settlement and when those securities were purchased and sold, the estimated average recovery per share of common stock will be approximately $0.25 before deduction of court-approved fees and expenses. The recovery for other securities cannot be accurately estimated.

**Reasons for Settlement:** Avoids the costs and risks associated with continued litigation, including danger of no recovery. At the time a settlement was reached, the Court had dismissed the complaint twice and the third motion to dismiss was pending.

**If the Case Had Not Settled:** Continuing with the case could have resulted in dismissal or loss at trial. The two sides do not agree on the amount of money that could have been won if Lead Plaintiffs prevailed at trial. The parties disagree about: (1) the method for determining whether VERITAS securities were artificially inflated during the relevant period; (2) the amount of any such inflation; (3) the extent that various facts alleged by Lead Plaintiffs were materially false or misleading; (4) the extent that various facts alleged by Lead Plaintiffs influenced the trading price of VERITAS securities during the relevant period; and (5) whether the facts alleged were material, false, misleading or otherwise actionable under the securities laws.

**Attorneys' Fees and Expenses:** Lead Counsel have not received any payment for their work investigating the facts, conducting this litigation and negotiating the settlement on behalf of the Lead Plaintiffs and the Settlement Class. Court-appointed Lead Counsel will ask the court for attorneys' fees of approximately 23.23% of the Settlement Fund and reimbursement of out-of-pocket

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION -
C-03-0283-MMC                                                                                          - 1 -

expenses not to exceed $700,000 to be paid from the Settlement Fund.  If the above amounts are requested and approved by the Court, the average cost per share of common stock will be $0.063.

**Deadlines:**

Submit Claim: ~~August 22~~, August 16, 2005

Request Exclusion: ~~June 24~~, July 5, 2005

File Objection: ~~June 24~~, July 5, 2005

**Court Hearing on Fairness of Settlement:** ~~July 8~~, July 29, 2005

**More Information:**  www.rg2claims.com or

| Claims Administrator: | Lead Counsel: |
|---|---|
| RG/2 Claims Administration LLC<br>P.O. Box 59479<br>Philadelphia, PA 19102 | Rick Nelson<br>Shareholder Relations<br>Lerach Coughlin Stoia Geller<br> Rudman & Robbins LLP<br>401 B Street, Suite 1600<br>San Diego, CA  92101-4297 |

- Your legal rights are affected whether you act, or don't act.  Read this Notice carefully.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

| | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. |
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that allows you to participate in another lawsuit against the Defendants relating to the legal claims in this case. |
| **OBJECT** | You may write to the Court if you don't like this settlement. |
| **GO TO A HEARING** | You may ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment. |

- These rights and options — *and the deadlines to exercise them* — are explained in this Notice.

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION - C-03-0283-MMC

- 2 -

- The Court in charge of this case must decide whether to approve the settlement.

Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1.    Why Did I Get This Notice Package?

You or someone in your family may have purchased or acquired shares of VERITAS securities listed above between January 3, 2001 and January 16, 2003.

The Court sent you this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *In re VERITAS Software Corporation Securities Litigation*, Master File No. C-03-0283-MMC. The people who sued are called the Lead Plaintiffs, and the company and the individuals they sued, VERITAS, Mark Leslie, Gary Bloom, Kenneth Lonchar and Paul Sallaberry, are called the Defendants.

### 2.    What Is This Lawsuit About?

This case was brought as a class action alleging that the Defendants falsified VERITAS' financial results in order to meet or exceed Wall Street analysts' expectations, resulting in the artificial inflation of the price of VERITAS securities between January 3, 2001 and January 16, 2003. Defendants deny that they did anything wrong.

### 3.    Why Is This a Class Action?

In a class action, one or more people called class representatives (in this case the court-appointed Lead Plaintiffs, Construction Industry and Carpenters Joint Pension Trust for Southern Nevada, United Food and Commercial Workers Union Local 880 – Retail Food Employers Joint

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION -
C-03-0283-MMC                                                                                          - 3 -

1   Pension Fund, Hawaii Electricians Annuity Fund and Hawaii Electricians Pension Fund), sue on

2   behalf of people who have similar claims.  Here, all these people are called a Settlement Class or

3   Settlement Class Members.  One court resolves the issues for all Settlement Class Members, except

4   for those who exclude themselves from the Settlement Class.  Judge Maxine M. Chesney is in charge

5   of this class action.

6         **4.     Why Is There a Settlement?**

7         The Court did not decide in favor of Lead Plaintiffs or Defendants.  Instead, both sides

8   agreed to a settlement.  That way, they avoid the cost of a trial, and eligible Settlement Class

9   Members who make a valid claim will get compensation.  The Lead Plaintiffs and their attorneys

10  think the settlement is best for all Settlement Class Members.

11                    **WHO IS IN THE SETTLEMENT**

12        To see if you will get money from this settlement, you first have to determine if you are a

13  Settlement Class Member.

14        **5.     How Do I Know if I Am Part of the Settlement?**

15        The Settlement Class includes *all persons who purchased or acquired VERITAS securities*

16  *between January 3, 2001 and January 16, 2003, except those persons and entities that are*

17  *excluded, as described below.*

18        **6.     What Are The Exceptions to Being Included?**

19        You are not a Settlement Class Member if you are a Defendant, a member of the immediate

20  family of one of the individual defendants listed in question 1, an entity in which any Defendant has

21  or had a controlling interest, a current or former director or officer of VERITAS, a legal

22  representative, heir, successor, or assign of any excluded party.

23        If you sold VERITAS securities between January 3, 2001 and January 16, 2003, that alone

24  does not make you a Settlement Class Member.  You are a Settlement Class Member only if you

25  purchased or acquired VERITAS securities between January 3, 2001 and January 16, 2003.

26

27

28

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION -
C-03-0283-MMC                                                                                  - 4 -

7.     **I'm Still Not Sure if I Am Included.**

If you are still not sure whether you are included, you can ask for free help.  You can call Rick Nelson at 619/231-1058 for more information.  Or you can fill out and return the claim form described in question 10, to see if you qualify.

**THE SETTLEMENT BENEFITS — WHAT YOU GET**

8.     **What Does the Settlement Provide?**

Defendants have agreed to pay $35 million in cash to be divided among all eligible Settlement Class Members who send in valid claim forms, after payment of court-approved attorneys' fees and expenses and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice (the "Net Settlement Fund").

9.     **How Much Will My Payment Be?**

Your share of the fund will depend on the number of valid claim forms that Settlement Class Members send in and how many shares of securities you purchased during the relevant period and when you bought and sold them.  A claim will be calculated as follows:

**Common Stock**

(a)     For shares of VERITAS Software common stock that were ***purchased, or otherwise acquired on 1/3/2001 through 11/14/2002***, and

(i)     sold on or before 11/14/02, the claim per share is the lesser of (a) the purchase price less the sales price, or (b) $0.10;

(ii)     retained at the close of trading on 11/14/02, the claim per share is the lesser of (a) the purchase price less $16.75 (11/15/02 closing price), or (b) $1.32.

(b)     For shares of VERITAS Software common stock that were ***purchased, or otherwise acquired on 11/15/2002 through 1/16/2003***, and

(i)     sold on or before 1/16/03, the claim per share is  the lesser of (a) the purchase price less the sales price, or (b) $0.10;

(ii)     retained at the close of trading on 1/16/2003, the claim per share is the lesser of (a) the purchase price less $17.47 (11/17/02 closing price) , or (b) $0.10.

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION -
C-03-0283-MMC                                                                                      - 5 -

1   **VERITAS 5.25% Convertible Subordinated Notes Due 2004 ("5.25% Notes")**

2        (c)    For 5.25% Notes that were ***purchased, or otherwise acquired on 1/3/2001***

3   ***through 11/14/2002***, and

4            (i)    sold on or before 11/14/2002, the claim per $1,000 par value 5.25%

5   Note is the lesser of (i) the purchase price less the sales price, or (ii) $10.47;

6            (ii)    retained at the close of trading on 11/14/02, the claim per $1,000 par

7   value 5.25% Note is the lesser of (i) the purchase price less $1,795.00, or (ii)$138.14.

8        (d)    For 5.25% Notes that were ***purchased, or otherwise acquired on 11/15/2002***

9   ***through 1/16/2003***, and

10            (i)    sold on or before 1/16/2003, the claim per $1,000 par value 5.25%

11   Note is the lesser of (i) the purchase price less the sales price, or (ii) $10.47;

12            (ii)    retained at the close of trading on 1/16/2003, the claim per $1,000 par

13   value 5.25% Note is the lesser of (i) the purchase price less $1,866.20, or (ii) $10.47.

14   ***VERITAS 1.856% Convertible Subordinated Notes Due 2006 ("1.856% Notes")***

15        (e)    For 1.856% Notes that were ***purchased, or otherwise acquired on 1/3/2001***

16   ***through 11/14/2002***, and

17            (i)    sold on or before 11/14/2002, the claim per $1,000 par value 1.856%

18   Note is the lesser of (i) the purchase price less the sales price, or (ii) $2.79;

19            (ii)    retained at the close of trading on 11/14/02, the claim per $1,000 par

20   value 1.856% Note is the lesser of (i) the purchase price less $863.70, or (ii)$36.87.

21        (f)    For 1.856% Notes that were ***purchased, or otherwise acquired on 11/15/2002***

22   ***through 1/16/2003***, and

23            (i)    sold on or before 1/16/2003, the claim per $1,000 par value 1.856%

24   Note is the lesser of (i) the purchase price less the sales price, or (ii) $2.79;

25            (ii)    retained at the close of trading on 1/16/2003, the claim per $1,000 par

26   value 1.856% Note is the lesser of (i) the purchase price less $880.00, or $2.79.

27

28

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION -
C-03-0283-MMC                                 - 6 -

**VERITAS Call Options**

(g)    For Call Options on VERITAS common stock that were *purchased on 1/3/2001 through 1/16/03*, and

(i)    *owned* at the close of trading on 11/14/2002, the claim per Call Option is the difference between the price paid for the Call Option less the proceeds received upon the settlement of the Call Option Contract;

(ii)    *not owned* at the close of trading on 11/14/02, the claim per Call Option is $0.

(h)    For Call Options on VERITAS common stock that were *written on 1/3/2001 through 1/16/2003*, and

(i)    *owned* at the close of trading on 11/14/2002, the claim per Call Option is the difference between the amount paid upon settlement of the Call Option contract less the initial proceeds received upon the sale of the Call Option contract.

(ii)    *not owned* at the close of trading on 11/14/02, the claim per Call Option is $0.

**VERITAS Put Options**

(i)    For Put Options on VERITAS common stock that were *written on 1/3/2001 through 1/16/2003*, and

(i)    *owned* at the close of trading on 11/14/2002, the claim per Put Option is the difference between the amount paid upon settlement of the Put Option contract less the initial proceeds received upon the sale of the Put Option contract.

(ii)    *not owned* at the close of trading on 11/14/02, the claim per Put Option is $0.

(j)    For Put Options on VERITAS common stock that were *purchased on 1/3/2001 through 1/16/2003*, and

(i)    *owned* at the close of trading on 11/14/2002, the claim per Call Option is the difference between the price paid for the Put Option less the proceeds received upon the settlement of the Put Option contract.

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION -
C-03-0283-MMC

- 7 -

1                (ii)      **not owned** at close of trading on 11/14/02, the claim per Call Option is

2  $0.

3       In the case the option was exercised for VERITAS common stock, the amount paid, or

4  proceeds received, upon the settlement of the option contract equals the intrinsic value of the option

5  using VERITAS common stock's closing price on the date the option was exercised. In addition, for

6  the purposes of this allocation, the total aggregate allowed claims for option holders shall not exceed

7  2% of the Net Settlement Fund.

8       The payment you get will reflect your pro rata share of the Net Settlement Fund. Depending

9  on the number and type of eligible securities that participate in the settlement and when those shares

10  were purchased and sold, the estimated average payment for common stock will be approximately

11  $0.25 for each share before deduction of court-approved fees and expenses. The number of

12  claimants who send in claims varies widely from case to case. If fewer than anticipated Settlement

13  Class Members send in a claim form, you could get more money.

14       The date of acquisition or sale is the "contract" or "trade" date as distinguished from the

15  "settlement" date.

16       For Settlement Class Members who held VERITAS securities at the beginning of the

17  Settlement Class Period or made multiple purchases or sales during the Settlement Class Period, the

18  first-in, first-out ("FIFO") method will be applied to such holdings, purchases and sales for purposes

19  of calculating a claim. Under the FIFO method, sales of securities during the Settlement Class

20  Period will be matched, in chronological order, first against securities held at the beginning of the

21  Settlement Class Period. The remaining sales of securities during the Settlement Class Period will

22  then be matched, in chronological order, against securities purchased during the Settlement Class

23  Period.

24       A Settlement Class Member will be eligible to receive a distribution from the Net Settlement

25  Fund only if a Settlement Class Member had a net loss, after all profits from transactions in

26  VERITAS securities during the Settlement Class Period are subtracted from all losses.

27

28

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION -
C-03-0283-MMC                                                   - 8 -

**HOW YOU GET A PAYMENT — SUBMITTING A CLAIM FORM**

**10.    How Will I Get a Payment?**

To qualify for payment, you must be an eligible Settlement Class Member and you must send in a claim form. A claim form is enclosed with this Notice. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it in the enclosed envelope postmarked no later than ~~August 22~~ August 16, 2005.

**11.    When Will I Get My Payment?**

The Court will hold a hearing on ~~July 8~~ July 29, 2005, to decide whether to approve the settlement. If Judge Chesney approves the settlement, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps several years. Everyone who sends in a claim form will be informed of the determination with respect to their claim. Please be patient.

**12.    What Am I Giving Up to Get a Payment or Stay in the Settlement Class?**

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the same legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you and you will release your claims in this case against the Defendants. The terms of the release are included in the claim form that is enclosed.

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue the Defendants on your own about the same legal issues in this case, then you must take steps to get out of the Settlement Class. This is called excluding yourself or is sometimes referred to as opting out of the Settlement Class.

**13.    How Do I Get Out of the Settlement Class?**

To exclude yourself from the Settlement Class, you must send a letter by mail stating that you want to be excluded from *In re VERITAS Software Corporation Securities Litigation*, Master File No. C-03-0283-MMC. You must include your name, address, telephone number, your

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION -
C-03-0283-MMC

1  signature, and the number and type of VERITAS securities you purchased or acquired between

2  January 3, 2001 and January 16, 2003, the number and type of securities sold during this time period,

3  if any, and the dates of such purchases and sales. You must mail your exclusion request postmarked

4  no later than ~~June 24~~, July 5, 2005 to:

5      *VERITAS Securities Litigation*
       Claims Administrator
6      c/o RG/2 Claims Administration LLC
       P.O. Box 59479
7      Philadelphia, PA 19102

8      You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you are

9  not eligible to get any settlement payment, and you cannot object to the settlement. You will not be

10  legally bound by anything that happens in this lawsuit.

11      **14.    If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing
                Later?**
12

13      No. Unless you exclude yourself, you give up any right to sue the Defendants for the claims

14  resolved by this settlement. If you have a pending lawsuit against any of the Defendants, speak to

    your lawyer in that case immediately. Remember, the exclusion deadline is ~~June 24~~, July 5, 2005.
15

16      **15.    If I Exclude Myself, Can I Get Money from This Settlement?**

17      No. If you exclude yourself, do not send in a claim form. But, you may sue, continue to sue,

18  or be part of a different lawsuit against the Defendants.

19                      **THE LAWYERS REPRESENTING YOU**

20      **16.    Do I Have a Lawyer in This Case?**

21      The Court asked the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP to

22  represent you and other Settlement Class Members.

23      These lawyers are called Lead Counsel. You will not be charged for these lawyers. If you

24  want to be represented by your own lawyer, you may hire one at your own expense.

25      **17.    How Will the Lawyers Be Paid?**

26      Lead Counsel will ask the Court for attorneys' fees of approximately 23.23% of the

27  Settlement Fund (an average of $0.058 per share of common stock) and for reimbursement of their

28  out-of-pocket expenses up to $700,000 ($0.005 per share of common stock), which were advanced in

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION -
C-03-0283-MMC                                                                    - 10 -

1    connection with the Litigation. The amount of the attorneys' fees requested reflects a fee agreement

2    negotiation with Lead Plaintiffs. Such sums as may be approved by the Court will be paid from the

3    Settlement Fund. Settlement Class members are not personally liable for any such fees or expenses.

4        The attorneys' fees and expenses requested will be the only payment to Lead Counsel for

5    their efforts in achieving this settlement and for their risk in undertaking this representation on a

6    wholly contingent basis. To date, Lead Counsel have not been paid for their services for conducting

7    this litigation on behalf of the Lead Plaintiffs and the Settlement Class nor for their substantial out-

8    of-pocket expenses. The fee requested will compensate Lead Counsel for their work in achieving

9    the Settlement Fund and is well within the range of fees awarded to class counsel under similar

10   circumstances in other cases of this type. The Court may award less than this amount.

11                                **OBJECTING TO THE SETTLEMENT**

12       You can tell the Court that you don't agree with the settlement or some part of it.

13       **18.    How Do I Tell the Court that I Don't Like the Settlement?**

14       If you are a Settlement Class Member, you can object to the settlement if you don't like any

15   part of it. You can give reasons why you think the Court should not approve it. The Court will

16   consider your views. To object, you must send a letter saying that you object to the settlement in *In*

17   *re VERITAS Software Corporation Securities Litigation*, Master File No. C-03-0283-MMC. Be sure

18   to include your name, address, telephone number, your signature, the number and type of VERITAS

19   securities purchased and sold between January 3, 2001 and January 16, 2003, and the reasons you

20   object to the settlement. Any objection to the settlement must be mailed or delivered such that it is

21   received by each of the following no later than ~~June 24~~ July 5, 2005:

22

23

24

25

26

27

28

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION -
C-03-0283-MMC                                                                              - 11 -

1    *Court:*

2    Clerk of the Court
     UNITED STATES OF DISTRICT COURT
3    NORTHERN DISTRICT OF CALIFORNIA
     United States Courthouse
4    450 Golden Gate Avenue
     San Francisco, CA 94102

5
     *Lead Counsel for Plaintiffs:*
6
     Joy Ann Bull
7    LERACH COUGHLIN STOIA GELLER
       RUDMAN & ROBBINS LLP
8    401 B Street, Suite 1600
     San Diego, CA 92101
9
     *Counsel for all Defendants except Kenneth Lonchar:*
10
     Peri Nielsen
11   WILSON SONSINI GOODRICH
       & ROSATI, P.C.
12   650 Page Mill Road
     Palo Alto, CA 94304-1050
13

14   **19.    What's the Difference Between Objecting and Excluding?**

15       Objecting is simply telling the Court that you don't like something about the settlement. You

16   can object *only if* you stay in the Settlement Class. Excluding yourself is telling the Court that you

17   don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object

18   because the case no longer affects you.

19                          **THE COURT'S FAIRNESS HEARING**

20       The Court will hold a hearing to decide whether to approve the settlement. You may attend

21   and you may ask to speak, but you don't have to.

22   **20.    When and Where Will the Court Decide Whether to Approve the
              Settlement?**
23
                                                  July 29,
24       The Court will hold a fairness hearing at 9:00 a.m., on ~~July 8~~, 2005, at the United States

25   Courthouse, 450 Golden Gate Avenue, San Francisco, California. At this hearing the Court will

26   consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court

27   will consider them. Judge Chesney will listen to people who have asked to speak at the hearing.

28
     NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION -
     C-03-0283-MMC                                                              - 12 -

1  The Court will also consider how much to pay to Lead Counsel.  The Court may decide these issues

2  at the hearing or take them under consideration.  We do not know how long these decisions will take.

3  **21.  Do I have to Come to the Hearing?**

4  No.  Lead Counsel will answer questions Judge Chesney may have.  But, you are welcome to

5  come at your own expense.  If you send an objection, you don't have to come to Court to talk about

6  it.  As long as you mailed your written objection on time, the Court will consider it.  You may also

7  pay your own lawyer to attend, but it is not necessary.

8  **22.  May I Speak at the Hearing?**

9  You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must

10  send a letter saying that it is your intention to appear in *In re VERITAS Software Corporation*

11  *Securities Litigation*, Master File No. C-03-0283-MMC.  Be sure to include your name, address,

12  telephone number, your signature, and the number and type of VERITAS securities purchased

13  between January 3, 2001 and January 16, 2003.  Your notice of intention to appear must be

14  postmarked no later than ~~June 24~~ July 5, 2005, and be sent to the Clerk of the Court, Lead Counsel, and

15  Defendants' counsel, at the three addresses listed in question 18.  You cannot speak at the hearing if

16  you exclude yourself from the Settlement Class.

17  **IF YOU DO NOTHING**

18  **23.  What Happens if I Do Nothing at All?**

19  If you do nothing, you'll get no money from this settlement.  But, unless you exclude

20  yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit

21  against the Defendants about the same legal issues in this case.

22  **GETTING MORE INFORMATION**

23  **24.  Are There More Details About the Settlement?**

24  This Notice summarizes the proposed settlement.  More details are in the Stipulation of

25  Settlement dated as of January 26, 2005, as amended May 4, 2005.  You can get a copy of the

26  Stipulation of Settlement by writing to Rick Nelson, c/o Lerach Coughlin Stoia Geller Rudman &

27  Robbins LLP, 401 B Street, Suite 1600, San Diego, CA 92101 or from the Clerk's office at the

28  NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION -
   C-03-0283-MMC                                                                    - 13 -

1  United States District Court for the Northern District of California, 450 Golden Gate Avenue, San

2  Francisco, CA during regular business hours.

3      **25.**    **How Do I Get More Information?**

4      You can call 619/231-1058 or write to Rick Nelson, Lerach Coughlin Stoia Geller Rudman &

5  Robbins LLP, 401 B Street, Suite 1600, San Diego, CA 92101 or visit the website at

6  www.rg2claims.com.

7                  ***DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE***

8                          **SPECIAL NOTICE TO NOMINEES**

9      If you hold shares of any VERITAS securities purchased between January 3, 2001 and

10 January 16, 2003 as nominee for a beneficial owner, then, within ten (10) days after you receive this

11 Notice, you must either: (1) send a copy of this Notice by first class mail to all such Persons; or (2)

12 provide a list of the names and addresses of such Persons to the Claims Administrator:

13             *VERITAS Securities Litigation*
            Claims Administrator

14             c/o RG/2 Claims Administration LLC
            P.O. Box 59479

15             Philadelphia, PA 19102

16     If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the

17 Claims Administrator (without cost to you) as many additional copies of these documents as you

18 will need to complete the mailing.

19     Regardless of whether you choose to complete the mailing yourself or elect to have the

20 mailing performed for you, you may obtain reimbursement for or advancement of reasonable

21 administrative costs actually incurred or expected to be incurred in connection with forwarding the

22 Notice and which would not have been incurred but for the obligation to forward the Notice, upon

23 submission of appropriate documentation to the Claims Administrator.

24 DATED:    May 6        , 2005     BY ORDER OF THE COURT
                                   UNITED STATES DISTRICT COURT

25                                    NORTHERN DISTRICT OF CALIFORNIA

26 S:\Settlement\Veritas.set\(v1)A1-00018074.doc

27

28

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION -
C-03-0283-MMC                                                    - 14 -

# EXHIBIT A-2

1  LERACH COUGHLIN STOIA GELLER
       RUDMAN & ROBBINS LLP
2  PATRICK J. COUGHLIN (111070)
   JEFFREY W. LAWRENCE (166806)
3  SHAWN A. WILLIAMS (213113)
   SHIRLEY H. HUANG (206854)
4  LUKE O. BROOKS (212802)
   100 Pine Street, Suite 2600
5  San Francisco, CA  94111
   Telephone:  415/288-4545
6  415/288-4534 (fax)
       - and -
7  WILLIAM S. LERACH (68581)
   JOY ANN BULL (138009)
8  401 B Street, Suite 1600
   San Diego, CA  92101
9  Telephone:  619/231-1058
   619/231-7423 (fax)
10
   Lead Counsel for Plaintiffs
11

12

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15
   In re VERITAS SOFTWARE              )   Master File No. C-03-0283-MMC
16 CORPORATION SECURITIES LITIGATION  )
                                       )   CLASS ACTION
17 ─────────────────────────────────── )
   This Document Relates To:          )
18                                     )   REVISED PROOF OF CLAIM AND
       ALL ACTIONS.                    )   RELEASE
                                       )
19 ─────────────────────────────────── )   EXHIBIT A-2

20

21

22

23

24

25

26

27

28

1   **I.      GENERAL INSTRUCTIONS**

2          1.      To recover as a member of the class based on your claims in the action entitled *In re*

3   *VERITAS Software Corporation Securities Litigation*, Master File No. C-03-0283-MMC (the

4   "Litigation"), you must complete and, on page 10  hereof, sign this Proof of Claim and Release.  If

5   you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release,

6   your claim may be rejected and you may be precluded from any recovery from the Settlement Fund

7   created in connection with the proposed settlement of the Litigation.

8          2.      Submission of this Proof of Claim and Release, however, does not assure that you

9   will share in the proceeds of settlement in the Litigation.

10         3.      YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM

11  AND RELEASE POSTMARKED ON OR BEFORE ~~AUGUST 22~~ AUGUST 16, 2005, ADDRESSED AS

12  FOLLOWS:

13                     *VERITAS Securities Litigation*
                       Claims Administrator
14                     c/o RG/2 Claims Administration LLC
                       P.O. Box 59479
15                     Philadelphia, PA 19102

16  If you are NOT a Member of the Settlement Class, as defined in the Notice of Pendency and

17  Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim and Release

18  form.

19         4.      If you are a Member of the Settlement Class, you are bound by the terms of any

20  judgment entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM

21  AND RELEASE FORM.

22  **II. DEFINITIONS**

23         1.      "Defendants" means VERITAS Software Corporation and the Individual Defendants.

24         2.      "Individual Defendants" means Mark Leslie, Gary Bloom, Kenneth Lonchar and Paul

25  Sallaberry.

26         3.      "Released Persons" means each and all of the Defendants and each and all of their

27  Related Parties.

28

PROOF OF CLAIM AND RELEASE - C-03-0283-MMC                                          - 1 -

## III.   CLAIMANT IDENTIFICATION

1.   If you purchased or acquired VERITAS securities and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.   Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of VERITAS securities which form the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS OF THE VERITAS SECURITIES UPON WHICH THIS CLAIM IS BASED.

3.   All joint purchasers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## IV.   CLAIM FORM

1.   Use Part II of this form entitled "Schedule of Transactions in VERITAS Securities" to supply all required details of your transaction(s) in VERITAS securities. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.   On the schedules, provide all of the requested information with respect to *all* of your purchases and *all* of your sales of VERITAS securities which took place at any time beginning January 3, 2001 through January 16, 2003, inclusive (the "Settlement Class Period"), whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

3.      List each transaction in the Settlement Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

4.      Broker confirmations or other documentation of your transactions in VERITAS securities should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

5.      The above requests are designed to provide the minimum amount of information necessary to process the most simple claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses.  In some cases where the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Settlement Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the hiring of an accounting expert at the Claimant's cost.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*In re VERITAS Software Corporation Securities Litigation*

Master File No. C-03-0283-MMC

PROOF OF CLAIM

Must be Postmarked No Later Than:
AUGUST 16,
~~AUGUST 22~~, 2005

Please Type or Print

PART I:        CLAIMANT IDENTIFICATION

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Street Address

_____     _____     _____
City                       State        Zip Code

_____     _____
Foreign Province           Foreign Country

                           _____     Individual

_____     _____     Corporation/Other
Social Security Number or
Taxpayer Identification Number                 _____ (work)

_____     _____
Area Code                  Telephone Number

_____     _____ (home)
Area Code                  Telephone Number

_____
Record Owner's Name (if different from beneficial owner listed above)

1    PART II:      SCHEDULE OF TRANSACTIONS IN VERITAS SECURITIES

2      A.      Number and type of VERITAS securities held at the beginning of trading on January

3          3, 2001: _____, _____[1]

     B.      Purchases or Acquisitions of VERITAS securities (January 3, 2001 – January 16,

4          2003, inclusive):

| Trade Date<br>Mo.  Day  Year | Number of<br>Securities Purchased or<br>Acquired | Type of<br>Security[1] | Total Purchase or<br>Acquisition Price |
|---|---|---|---|
| 1. _____ | 1. _____ | 1. _____ | 1. _____ |
| 2. _____ | 2. _____ | 2. _____ | 2. _____ |
| 3. _____ | 3. _____ | 3. _____ | 3. _____ |

9      C.      Sales of VERITAS securities (January 3, 2001 – January 16, 2003, inclusive):

| Trade Date<br>Mo.  Day  Year | Number of Securities<br>Sold | Type of<br>Security[1] | Total Sales Price |
|---|---|---|---|
| 1. _____ | 1. _____ | 1. _____ | 1. _____ |
| 2. _____ | 2. _____ | 2. _____ | 2. _____ |
| 3. _____ | 3. _____ | 3. _____ | 3. _____ |

     D.      Number and type of VERITAS securities held at close of trading on January 16,

14          2003: _____, _____[1]

15   If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

16   YOU MUST READ AND SIGN THE RELEASE ON PAGE 10_____.

---

[1]
     A = common stock
     B = 5.25% notes
     C = 1.856% notes
     D = options

PROOF OF CLAIM AND RELEASE - C-03-0283-MMC        - 5 -

**V.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I submit this Proof of Claim and Release under the terms of the Stipulation of Settlement dated as of January 26, 2005, as amended on May _4_, 2005 ("Stipulation") described in the Notice. I also submit to the jurisdiction of the United States District Court for the Northern District of California, with respect to my claim as a Settlement Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein. I further acknowledge that I am bound by and subject to the terms of any judgment that may be entered in the Litigation. I agree to furnish additional information to Lead Counsel to support this claim if required to do so. I have not submitted any other claim covering the same purchases or sales of VERITAS securities during the Settlement Class Period and know of no other Person having done so on my behalf.

**VI.    RELEASE**

1.    I hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish and discharge, all of the Released Claims against each and all of the Defendants and each and all of their "Related Parties," defined as each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, agents, controlling shareholders, attorneys, accountants or auditors, advisors, investment advisors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of an Individual Defendant's immediate family, or any trust of which the Individual Defendant is the settlor or which is for the benefit of the Individual Defendant's family.

2.    "Released Claims" shall collectively mean all claims (including "Unknown Claims" as defined below), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations, by any Lead Plaintiff or Settlement Class Member against the Defendants or their Related Parties arising out of, relating to, or in connection with the purchase or

PROOF OF CLAIM AND RELEASE - C-03-0283-MMC                                      - 6 -

1   acquisition of VERITAS securities by any Lead Plaintiff or any Settlement Class Member during the

2   Settlement Class Period and any and all claims arising out of, relating to, or in connection with the

3   settlement or resolution of this matter.

4         3.    "Unknown Claims" shall collectively mean all claims, demands, rights, liabilities, and

5   causes of action of every nature and description which any Lead Plaintiff or Settlement Class

6   Member does not know or suspect to exist in his, her or its favor at the time of the release of the

7   Released Persons which, if known by him, her or it, might have affected his, her or its settlement

8   with and release of the Released Persons, or might have affected his, her or its decision not to object

9   to this settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and

10  agree that, upon the Effective Date, the Lead Plaintiffs shall expressly waive, and each of the

11  Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall

12  have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

13          **A general release does not extend to claims which the creditor does not
    know or suspect to exist in his or her favor at the time of executing the release,**

14          **which if known by him or her must have materially affected his or her
    settlement with the debtor.**

15  The Lead Plaintiffs shall expressly and each of the Settlement Class Members shall be deemed to

16  have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights

17  and benefits conferred by any law of any state or territory of the United States, or principle of

18  common law, which is similar, comparable or equivalent to California Civil Code §1542.  The Lead

19  Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from

20  those which he, she or it now knows or believes to be true with respect to the subject matter of the

21  Released Claims, but each Lead Plaintiff shall expressly fully, finally and forever settle and release,

22  and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by

23  operation of the Judgment shall have, fully, finally, and forever settled and released, any and all

24  Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent,

25  whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of

26  law or equity now existing or coming into existence in the future, including, but not limited to,

27  conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule,

28

PROOF OF CLAIM AND RELEASE - C-03-0283-MMC            - 7 -

1  without regard to the subsequent discovery or existence of such different or additional facts.  The

2  Lead Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the

3  Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key

4  element of the settlement of which this release is a part.

5      4.    This release shall be of no force or effect unless and until the Court approves the

6  Stipulation and it becomes effective on the Effective Date.

7      5.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or

8  purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this

9  release or any other part or portion thereof.

10      6.    I (We) hereby warrant and represent that I (we) have included information about all

11  of my (our) transactions in VERITAS securities that occurred during the Settlement Class Period as

12  well as the number and type of VERITAS securities held by me (us) at the opening of trading on

13  January 3, 2001, and at the close of trading on January 16, 2003.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## SUBSTITUTE FORM W-9

2

Request for Taxpayer Identification Number ("TIN") and Certification

3

## PART I

4

NAME:_____

5

6

Check appropriate box:

7

☐ Individual/Sole Proprietor          ☐ Pension Plan
☐ Corporation          ☐ Partnership          ☐ Trust
☐ IRA          ☐ Other

8

9

Enter TIN on appropriate line.

10

    o    For individuals, this is your Social Security Number ("SSN").

11

    o    For sole proprietors, you must show your individual name, but your may also enter your business or "doing business as" name.  You may enter either your SSN or your Employer Identification Number ("EIN").

12

13

    o    For other entities, it is your EIN.

14

_ _ _ - _ _ - _ _ _ _          or          _ _ - _ _ _ _ _ _ _
Social Security Number                    Employer Identification Number

15

16

## PART II

17

For Payees Exempt from Backup Withholding

18

If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt" on the following line: _____

19

## PART III

20

Certification

21

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

22

    1.    The number shown on this form is my correct TIN; and

23

    2.    I (we) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code

24

because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are)

25

subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the Internal Revenue Service has notified me (us) that I am

26

(we are) no longer subject to backup withholding.

27

NOTE:    If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 2 above.

28

*SEE* ENCLOSED FORM W-9 INSTRUCTIONS

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

     I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____,
                                     (Month/Year)

in _____, _____ .
    (City)                     (State/Country)


_____
(Sign your name here)


_____
(Type or print your name here)


_____
(Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser, Executor or
Administrator)

ACCURATE CLAIMS PROCESSING TAKES A

SIGNIFICANT AMOUNT OF TIME.

THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

    1.    Please sign the above release and declaration.

    2.    Remember to attach supporting documentation, if available.

    3.    Do not send original stock certificates.

    4.    Keep a copy of your claim form for your records.

    5.    If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

    6.    If you move, please send us your new address.

S:\Settlement\Veritas.set\A2-00017942.doc

PROOF OF CLAIM AND RELEASE - C-03-0283-MMC

# EXHIBIT A-3

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
PATRICK J. COUGHLIN (111070)
JEFFREY W. LAWRENCE (166806)
SHAWN A. WILLIAMS (213113)
SHIRLEY H. HUANG (206854)
LUKE O. BROOKS (212802)
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)
    - and -
WILLIAM S. LERACH (68581)
JOY ANN BULL (138009)
401 B Street, Suite 1600
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re VERITAS SOFTWARE CORPORATION SECURITIES LITIGATION | )<br>)<br>)    Master File No. C-03-0283-MMC<br>)<br>)    CLASS ACTION |
| This Document Relates To:<br><br>   ALL ACTIONS. | )<br>)    SUMMARY NOTICE<br>)<br>)    EXHIBIT A-3<br>) |

TO:     ALL PERSONS WHO PURCHASED OR ACQUIRED VERITAS SOFTWARE CORPORATION ("VERITAS") SECURITIES DURING THE PERIOD BEGINNING JANUARY 3, 2001 THROUGH JANUARY 16, 2003, INCLUSIVE

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Northern District of California, that a hearing will be held on ~~July 8,~~ July 29, 2005, at 9:00 a.m., before the Honorable Maxine M. Chesney at the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, for the purpose of determining (1) whether the proposed settlement of the claims in the Litigation for the sum of $35,000,000 in cash should be approved by the Court as fair, reasonable and adequate; (2) whether, thereafter, this Litigation should be dismissed with prejudice as set forth in the Stipulation of Settlement dated as of January 26, 2005, as amended May 4, 2005; (3) whether the Plan of Allocation is fair, reasonable and adequate and therefore should be approved; and (4) whether the application of Lead Counsel for the payment of attorneys' fees and reimbursement of expenses incurred in connection with this Litigation should be approved.

If you purchased or acquired VERITAS securities during the period January 3, 2001 through January 16, 2003, inclusive, your rights may be affected by the settlement of this Litigation.  If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action and a copy of the Proof of Claim and Release, you may obtain copies by writing to *VERITAS Securities Litigation*, c/o RG/2 Claims Administration LLC, P.O. Box 59479, Philadelphia, PA 19102.  If you are a Settlement Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release postmarked no later than ~~August 22,~~ August 16, 2005, establishing that you are entitled to recovery.

If you desire to be excluded from the Settlement Class, you must submit a Request for Exclusion postmarked by ~~June 24,~~ July 5, 2005, in the manner and form explained in the detailed Notice referred to above.  All Members of the Settlement Class who have not requested exclusion from the Settlement Class will be bound by any judgment entered in the Litigation pursuant to the Stipulation of Settlement.

SUMMARY NOTICE - C-03-0283-MMC                                                    - 1 -

1    Any objection to the settlement must be mailed or delivered such that it is received by each

2    of the following no later than ~~June 24,~~ July 5, 2005:

3    CLERK OF THE COURT
     UNITED STATES DISTRICT COURT
4    NORTHERN DISTRICT OF CALIFORNIA
     United States Courthouse
5    450 Golden Gate Avenue
6    San Francisco, CA  94102

7    *Lead Counsel for Plaintiffs*:

8    LERACH COUGHLIN STOIA GELLER
       RUDMAN & ROBBINS LLP
9    JOY ANN BULL
10   401 B Street, Suite 1600
     San Diego, CA  92101

11   *Counsel for Defendants*:

12   WILSON SONSINI GOODRICH
13     & ROSATI, P.C.
     PERI NIELSEN
14   650 Page Mill Road
     Palo Alto, CA  94304-1050
15

16   **PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING**

17   **THIS NOTICE.** If you have any questions about the settlement, you may contact Lead Counsel at

18   the address listed above.

19

20   DATED:  May 6, 2005                    BY ORDER OF THE COURT
                                            UNITED STATES DISTRICT COURT
21                                          NORTHERN DISTRICT OF CALIFORNIA

22   S:\Settlement\Veritas.set\A3-00017943.doc

23

24

25

26

27

28

SUMMARY NOTICE - C-03-0283-MMC                                        - 2 -