IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re VERITAS SOFTWARE CORPORATION SECURITIES LITIGATION<br><br>_____<br><br>This Document Relates to ALL ACTIONS<br>_____/ | Master File No. C-03-0283 MMC<br><br>**ORDER RE: SUPPLEMENTAL BRIEFING ON MICHAEL MALONE'S MOTION FOR ATTORNEYS' FEES AND EXPENSES; VACATING HEARING**<br><br>(Docket No. 248) |

Before the Court is the motion for attorneys' fees and expenses filed December 14, 2005 by class member Michael Malone ("Malone"), and noticed for hearing February 10, 2006.

As lead plaintiffs have not had an opportunity to respond to the new arguments set forth in Malone's reply with respect to the timeliness of his motion, the Court will afford lead plaintiffs the opportunity to file a surreply addressing such arguments. Lead plaintiffs' surreply shall be filed no later than February 8, 2006.

In the event that the Court finds Malone's motion is not time-barred, the Court may need to review the time sheets of Malone's counsel that itemize the hours spent on the instant matter. Additionally, the Court notes that Malone has failed to comply with the requirements of Civil Local Rule 54-6. In particular, Malone has not submitted: (1) a declaration that counsel have met and conferred to resolve the instant dispute; and (2) a

declaration containing "a brief description of the relevant qualifications and experience and a statement of the customary hourly rates of each [attorney] or of comparable prevailing hourly rates or other indication of value of the services." See Civil L.R. 54-6(b). Malone shall file such supplemental briefing no later than February 8, 2006.[1]

In light of the need for supplemental briefing, the Court hereby VACATES the February 10, 2006 hearing on Malone's motion. The Court will reschedule the hearing, if necessary, after reviewing the parties' supplemental submissions.

**IT IS SO ORDERED.**

Dated: February 1, 2006

MAXINE M. CHESNEY
United States District Judge

---

[1] If appropriate, after reviewing the parties' supplemental submissions, the Court will afford lead plaintiffs an opportunity to submit further briefing to address the reasonableness of the fees sought by Malone's counsel.