1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re VERITAS SOFTWARE CORPORATION SECURITIES LITIGATION ) ) | Master File No. C-03-0283-MMC |
| This Document Relates To: ) | CLASS ACTION |
| ALL ACTIONS. ) ) ) | [PROPOSED] AMENDED FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

DATE:        February 22, 2008
TIME:         9:00 a.m.
COURTROOM:   The Honorable
             Maxine M. Chesney

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    This matter came before the Court for hearing pursuant to an Order of this Court, dated

2    December 5, 2007, on the application of the Settling Parties for approval of the settlement set forth

3    in the Stipulation of Settlement dated as of January 26, 2005, and the Amendment to Stipulation of

4    Settlement filed on May 4, 2005 (collectively, the "Stipulation").  Due and adequate notice having

5    been given of the settlement as required in said Order, and the Court having considered all papers

6    filed and proceedings held herein and otherwise being fully informed in the premises and good cause

7    appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

8        1.    This Judgment incorporates by reference the definitions in the Stipulation, and all

9    terms used herein shall have the same meanings set forth in the Stipulation.

10       2.    This Court has jurisdiction over the subject matter of the Litigation and over all

11   parties to the Litigation, including all Members of the Settlement Class.

12       3.    Except as to any individual claim of those Persons (identified in Exhibit 1 attached

13   hereto) who have validly and timely requested exclusion from the Settlement Class, the Litigation

14   and all claims contained therein, including all of the Released Claims, are dismissed with prejudice

15   as to the Lead Plaintiffs and the other Members of the Settlement Class, and as against each and all

16   of the Released Persons.  The parties are to bear their own costs, except as otherwise provided in the

17   Stipulation.

18       4.    The Court has considered and hereby overrules the objections submitted by Robert A.

19   Minotti, Edward F. Lane and Edmund J. Kieras.

20       5.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby

21   approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects,

22   fair, reasonable and adequate to, and is in the best interests of, the Lead Plaintiffs, the Settlement

23   Class and each of the Settlement Class Members.  This Court further finds the settlement set forth in

24   the Stipulation is the result of arm's-length negotiations between experienced counsel representing

25   the interests of the Lead Plaintiffs, the Settlement Class Members and the Defendants.  Accordingly,

26   the settlement embodied in the Stipulation is hereby approved in all respects and shall be

27

28

consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

6.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating this settlement, a Settlement Class of all Persons who purchased or acquired VERITAS securities during the period between January 3, 2001 and January 16, 2003, inclusive. Excluded from the Settlement Class are Defendants, members of the immediate families of the Individual Defendants, any entity in which any Defendant has or had a controlling interest, current or former directors and officers of VERITAS, and the legal representatives, heirs, successors, or assigns of any such excluded person or entity. Also excluded from the Settlement Class are those Persons who timely and validly requested exclusion from the Settlement Class pursuant to the Revised Notice of Pendency and Proposed Settlement of Class Action. The certification of the Settlement Class shall be binding only with respect to the settlement of the Litigation.

7.     With respect to the Settlement Class, this Court finds for the purposes of effectuating this settlement that (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class; (d) the Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation.

8.     Upon the Effective Date, the Lead Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and

forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release form.

9. All Settlement Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Persons.

10. Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Settlement Class Members and Lead Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

11. The distribution of the Revised Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Order Approving Revised Notice and Providing for Hearing (Docket No. 203) and the notice mailed on December 12, 2007 in accordance with the Order Approving Form and Manner of Notice (Docket No. 278) constituted the best notice practicable under the circumstances, including individual notice to all Members of the Settlement Class who could be identified through reasonable effort. Said notices provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notices fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

12. Any plan of allocation submitted by Lead Counsel or any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

13. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their Related Parties; or (b) is or may be

deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their Related Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants and/or their Related Parties may file the Stipulation and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

15. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. In the event that the settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and,

in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

DATED: __February 22, 2008__     _____
                                 THE HONORABLE MAXINE M. CHESNEY
                                 UNITED STATES DISTRICT JUDGE

Submitted by:

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JEFFREY W. LAWRENCE
SHAWN A. WILLIAMS
SHIRLEY H. HUANG
LUKE O. BROOKS


_____s/ Jeffrey W. Lawrence_____
         JEFFREY W. LAWRENCE

100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)


COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
PATRICK J. COUGHLIN
JOY ANN BULL
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)


Lead Counsel for Plaintiffs

DeCARLO & CONNOR
JOHN T. DeCARLO
DANIEL M. SHANLEY
533 South Fremont Avenue, 9th Floor
Los Angeles, CA 90071-1706
Telephone: 213/488-4100
213/488-4180 (fax)

SCHRECK BRIGNONE
ANDREW S. BRIGNONE
300 South Fourth Street, Suite 1200
Las Vegas, NV  89101
Telephone:  702/382-2101
702/382-8135 (fax)

SCHWARZWALD & McNAIR
EBEN O. McNAIR IV
616 Penton Media Building
1330 East Ninth Street
Cleveland, OH  44114-1503
Telephone:  216/566-1600
216/566-1814 (fax)

Counsel for Plaintiffs

S:\Settlement\Veritas.set\JGT00049332.doc



EXHIBIT 1

RE: VERITAS SOFTWARE
CORP. SECURITIES LIT
MASTER FILE NO. C-03-0283-MMC

DEAR SIR :

   WE REQUEST EXCLUSION FROM
CLASS ACTION SETTLEMENT. WE
AQUIRED 44 SHARES OF VERITAS
RESULTING IN EXCHANGE OF
SEAGATE TECHNOLOGY ON 1-8-01.

       THANK YOU,
       THOMAS BANDURA
       *Thomas Bandura*
       MARY E. BANDURA
       *Mary E. Bandura*

THOMAS BANDURA
MARY E. BANDURA


PHONE


Exhibit 1

. . . .

April 15, 2005

Veritas Software Securities Litigation
RG/2 Claims Administrator
1180 West Peachtree Street, Suite 700
Atlanta, GA 30309-3448

RE: Veritas Software

Dear RG/2 Claims Administrator:

Our Account,                                                   hereby requests
exclusion from the Class Veritas Software Securities Litigation.

Attached is a report detailing transactions for account          . If you have any
questions or require further documentation please contact Deborah Davis at

Sincerely,

Deborah Davis
Class Action Specialist

2

# Veritas Software

Account:

Transactions:

| Transaction | Date | # of Shares | Price per Share | Amount |
|---|---|---|---|---|
| Purchase | 4/1/01 | 270 | $42.54 | $11,484.80 |
| Sale | 2/7/001 | 240 | $73.18 | $17,564.00 |
| Sale | 8/19/02 | 270 | $17.20 | $4,644.00 |
| Beginning Balance: | 270 | | | |
| Ending Balance : | 0 | | | |

2a

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | INVESTMENTS |
|------|-------------|-------------|----------------|-------------|
| 10/23/00 | PURCHASED 240 SHARES OF VERITAS SOFTWARE CO TRADE DATE 10/18/00 THEOR. SETTLEMENT DATE 10/23/00 PURCHASED THROUGH COHEN & CO. PURCHASED ON THE OVER THE COUNTER 240 SHARES AT $153.1277 TAXABLE TO FEDERAL AND STATE BATCH NO. TRANSACTION NO. 5264 | | -36750.65 | 36750.65 |
| 10/23/00 | PURCHASED 160 SHARES OF PMC-SIERRA INC TRADE DATE 10/18/00 THEOR. SETTLEMENT DATE 10/23/00 PURCHASED THROUGH PRUDENTIAL-BACHE PURCHASED ON THE OVER THE COUNTER 160 SHARES AT $183.00 TAXABLE TO FEDERAL AND STATE BATCH NO. TRANSACTION NO. 5266 | | -29280.00 | 29280.00 |

2b.

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH | INVESTMENTS |
|---|---|---|---|---|

1/9/01   PURCHASED 2300 SHARES OF
         SUN MICROSYSTEMS INC
         TRADE DATE 4/4/01
         THEOR. SETTLEMENT DATE  4/ 9/01
         PURCHASED THROUGH GOLDMAN, SACHS & CO
         PURCHASED ON THE OVER THE COUNTER
           2,380 SHARES AT $14.50
         TAXABLE TO FEDERAL AND STATE
         BATCH NO.   --
         TRANSACTION NO.  2705                              -34510.00        34510.00

./9/01   PURCHASED 270 SHARES OF
         VERITAS SOFTWARE CO
         TRADE DATE 4/4/01
         THEOR. SETTLEMENT DATE  4/ 9/01
         PURCHASED THROUGH BEAR STEARNS & CO INC.
           270 SHARES AT $42.54
         TAXABLE TO FEDERAL AND STATE
         BATCH  NO.
         TRANSACTION NO.  2787                              -11485.80        11485.80

/9/01    PURCHASED 270 SHARES OF
         GENZYME CORP
         TRADE DATE 4/4/01
         THEOR. SETTLEMENT DATE  4/ 9/01
         PURCHASED THROUGH BEAR STEARNS & CO INC.
           270 SHARES AT $88.61
         TAXABLE TO FEDERAL AND STATE
         BATCH  NO.
         TRANSACTION NO.  2789                              -23924.70        23924.70

2c

| DATE | DESCRIPTION | INCOME CASH | PRINCIPAL CASH INVESTMENTS |
|------|-------------|-------------|----------------------------|

2/23/01 SOLD 460 SHARES OF         21849.27 -40192.50
    APPLIED MATLS INC
    TRADE DATE 2/20/01
    THEOR. SETTLEMENT DATE  2/23/01
    SOLD THROUGH HERZOG HEINZ GEDULD (EQUITY)
    PAID $0.73 SEC FEE
    SOLD ON THE OVER THE COUNTER
    ST CAPITAL LOSS OF $-18343.23 BASED ON FEDERAL COST
    ST CAPITAL LOSS OF $-18343.23 BASED ON STATE COST
    FEDERAL TAX BASIS $40192.50
    STATE TAX BASIS $40192.50 .
     460 SHARES AT $47.50
    TAXABLE TO FEDERAL AND STATE
    BATCH  NO.
    TRANSACTION NO. 10684

/23/01  SOLD 240 SHARES OF        17564.41 -36750.65
    VERITAS SOFTWARE CO
    TRADE DATE 2/20/01
    THEOR. SETTLEMENT DATE  2/23/01
    SOLD THROUGH HERZOG HEINZ GEDULD (EQUITY)
    PAID $0.59 SEC FEE
    SOLD ON THE OVER THE COUNTER
    ST CAPITAL LOSS OF $-19166.24 BASED ON FEDERAL COST
    ST CAPITAL LOSS OF $-19166.24 BASED ON STATE COST
    FEDERAL TAX BASIS $36750.65
    STATE TAX BASIS $36750.65
    240 SHARES AT $72.1956
    TAXABLE TO FEDERAL AND STATE
    BATCH  NO.
    TRANSACTION NO. 10686

2d

09/04/02  SOLD 270 SHARES OF
          VERITAS SOFTWARE CO                          11,485.80-        4,643.65
          TRADE DATE 8/29/02
          THEOR. SETTLEMENT DATE 9/4/02
          SOLD THROUGH BNY ESI SECURITIES & CO. INC
          PAID $27.00 BROKERAGE
          PAID $0.15 SEC FEE
          SOLD ON THE OVER THE COUNTER
          LT CAPITAL LOSS OF $6,841.95- ON FEDERAL COST
          LT CAPITAL LOSS OF $6,841.95- ON STATE COST
          FEDERAL TAX COST $11,485.80
          STATE TAX COST $11,485.80
            270 SHARES AT $27.30
          TAXABLE TO FEDERAL AND STATE
          BATCH NO.            TRANS NO.    8170

9/04/02   SOLD 800 SHARES OF
          AUTOMATIC DATA PROCESSING INC                45,646.00-       30,159.08
          TRADE DATE 8/29/02
          THEOR. SETTLEMENT DATE 9/4/02
          SOLD THROUGH BNY ESI SECURITIES & CO, INC
          PAID $80.00 BROKERAGE
          PAID $0.92 SEC FEE
          SOLD ON THE NEW YORK STOCK EXCHANGE
          ST CAPITAL LOSS OF $15,486.92- ON FEDERAL COST
          ST CAPITAL LOSS OF $15,486.92- ON STATE COST
          FEDERAL TAX COST $45,646.00
          STATE TAX COST $45,646.00
            800 SHARES AT $37.80
          TAXABLE TO FEDERAL AND STATE
          BATCH NO.            TRANS NO.    8172

2e

1-17-05

In re Veritas Software Corporation Securities
Litigation Master File # C-03-0283-MM

To Whom It May Concern:

Please exclude Wm. & Bernice Levendoski
from Litigation of
Veritas Software Corporation Securities
Litigation Master File # C-03-0283-
MM

Our Name & Address is as follows:
William L. Levendoski and
Bernice M. Levendoski


Phone:
# of Shares - 229 -


Bernice M. Levendoski    4-18-05
William L. Levendoski    4-18-05

3

 **Mellon**

REQUEST FOR EXCLUSION

April 25, 2005
Claims Administrator
c/o RG/2 Claims Administrator
P.O. Box 59479
Philadelphia, PA 19102-9479

**In re VERITAS Software Corporation Securities Litigation; Master File No. C-03-0283-MMC**

On behalf of our client, please accept this letter as authorization to process the following request for exclusion from the above-mentioned class action.

Mellon Global Securities Services is acting as agent for:

- **BPr VANGUARD**

Please see the attached report for the dates, prices, and number of shares of Veritas Software Corporation purchased and sold during the class period.

Also, please accept the enclosed documents as valid proof of transactions that took place during the class period. Copies of original broker confirmation slips are not accessible to our reorganization area. To the best of our knowledge, the enclosed documents are true and valid.

If you have any questions, please do not hesitate to call me at

Sincerely,

Sara K Simpson

Enclosures

4

| Claimant | bpId | Claman Num | Acour Type | SharesHeldPrior | SharesHld Following | H Tnd | Trade Date | Quanity acktd | Prior Per Princ | Cash | CUSIP | Position |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4511-75S | BPIVABTUAD | Custodian | 0.000 | 39,00.000 | F | 04/09/2001 | 15,00.00 | -0511 | -611,277.00 | 92243608 | 15,00.000 |
| 4511-75S | BPIVABTUAD | Custodian | 0.000 | 39,00.000 | P | 05/31/2001 | 24,00.00 | -4011 | -1,814,739.50 | 922436109 | 39,00.000 |
| 4511-75S | BPIVABTUAD | Custodian | 0.000 | 39,00.000 | P | 08/21/2001 | 20,30.00 | -2691 | -587,66.30 | 922436109 | 39,00.000 |
| 4511-75S | BPIVABTUAD | Custodian | 0.000 | 39,00.000 | P | 08/30/2001 | 6,00.00 | 11119 | -129,714.00 | 922436109 | 55,00.000 |
| 4511-75S | BPIVABTUAD | Custodian | 0.000 | 39,00.000 | S | 01/22/2002 | -29,00.00 | 4269 | 1,242,720.36 | 922436109 | 35,00.000 |
| 4511-75S | BPIVABTUAD | Custodian | 0.000 | 39,00.000 | P | 11/22/2002 | 3,00.00 | 10311 | -65,931.65 | 922436109 | 39,00.000 |

 **Mellon**

REQUEST FOR EXCLUSION

April 25, 2005

Claims Administrator
c/o VSCS Claims Administrator
P.O. Box 59479
Philadelphia, PA 19102-9479

**In re VERITAS Software Corporation Securities Litigation; Master File No. C-03-**
~~0110 MHP~~

On behalf of our client, please accept this letter as authorization to process the following
request for exclusion from the above mentioned class action.

Mellon Global Securities Services is acting as agent for:

• ~~. . . .. . . . .~~ **BPF MERRILL LYNCH**

Please see the attached report for the dates, prices, and number of shares of Veritas
Software Corporation purchased and sold during the class period.

Also, please accept the enclosed documents as valid proof of transactions that took
place during the class period. Copies of original broker confirmation slips are not
accessible to our reorganization area. To the best of our knowledge, the enclosed
documents are true and valid.

If you have any questions, please do not hesitate to call me at

Sincerely,

~~Sara K Simpson~~
Sara K Simpson

~~Enclosures~~

5

2005 APR 26  PM 5: 13

VSCS CLAIMS ADMIN, LLC
RECEIVED

| Claim # | Tax Id | Claimant Name | Account Type | Shares Hld Prior | Shs Held Following | Tr.Type | Trade Date | Quantity Traded | Price Per | Princ.Cash | CUSIP | Posn |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | BPF MERRILL LYNCH | Custodian | 2073.000 | 0.000 | S | 01/17/2001 | -2,073.000 | 92.4746 | 191,699.85 | 92436B109 | 0.00 |
| | | BPF MERRILL LYNCH | Custodian | 2073.000 | | P | 05/17/2001 | 3,400.000 | 69.5748 | -236,554.32 | 92436B109 | .00000 |
| | | BPF MERRILL LYNCH | Custodian | 2073.000 | 0.000 | S | 07/12/2001 | -3,400.000 | 53.7389 | 182,705.46 | 92436B109 | 0.00 |

5a

4-25-05

Please exclude me from the Settlement
Class of VERITAS Software Corp. Securities
Litigation, Master File No. C-03-0283-MMC
      Name — John C. English
      Address -

Phone No. —

                John C. English

Purchased 30 Shares VERITAS ~~Shares~~
Trade Date   12-17-2001

Sold   30 Shares VERITAS
Trade Date   7-1-2002

6

VERITAS Request for exclusion

VERITAS Securities Litagation
Claims Administrator
c/o RG/2 Claims Administration LLC
P.O. Box 59479
Philadelphia, PA 19102-9479

re VERITAS Software Corporation Litagation ,
Master File No. C-03-0283-MMC

James F. Wood

Telephone (

On May 11, 2001, I acquired 2 (two) shares of VERITAS stock
On August 8, 2001, these 2 (two) shares were sold. That is the
extent of my VERITAS holdings

I hope this request for exclusion will put an end to the mailings you send

James F. Wood

James F. Wood

Telephone

7

[illegible] Administrator

Dear Sir:

Please exclude me from

In re VERITAS Software Corporation
Securities Litigation, Master File
No. C-03-0283-MJJC.

**All Veritas common stock**

Purchases Jan 3 '01 to Jan 16, '03

Bought  45 shares  3/7-9/01    Bought 11 shares 4/13/01
Bought   9 shares  4/16/01     Bought 10 shares 2/19/01
Bought  10 shares  4/4/01
Bought  20 shares  5/16/01

**All Veritas Common Stock**

Sales  Jan 3, '01  to  Jan 16, '03

Sold  55 shares   3/12/01
Sold  14 shares   5/29/01
Sold  40 shares   7/24/01
Sold  36 shares   2/02/01
Sold   8 shares   2/23/01
Sold  13 shares   3/5/01

Sincerely,

[signature]

JEFFREY Huse

Tel.

8

June 16, 2005

VERITAS Securities Litigation
Claims Administrator
c/o RG/2 Claims Administration LLC
P.O. Box 59479
Philadelphia, PA 19102-9479

Re:   In re VERITAS Software Corporation Securities Litigation
      Master File No. C 03 0283 MMC

Dear Sir/Madam:

Please be advised that the undersigned hereby elects to be excluded from the
*In re VERITAS Software Corporation Securities Litigation.*

I purchased 02 shares of VERITAS Software Corporation on January 20, 2002,
for a total price of $2,853.24

Sincerely,

Autumn D. VanHollebeke

9a

June 10, 2005

VERITAS Securities Litigation
Claims Administrator
c/o RG/2 Claims Administration LLC
P O Box 59479
Philadelphia, PA 19102-9479

**Re:** In re VERITAS Software Corporation Securities Litigation
Master File No. C-00-0200-MMC

Dear Sir/Madam:

Please be advised that the undersigned hereby elects to be excluded from the
In re VERITAS Software Corporation Securities Litigation.

I purchased 21 shares of VERITAS Software Corporation on January 29, 2002,
for a total price of $966.42.

Sincerely,

Autumn D. VanHollebeke, Trustee
UAD 9/24/00

9b

June 26, 2005

RE: Master File No. C-03-0283-MMC

VERITAS Securities Litigation
Claims Administrator
c/o P.G/2 Claims Administration LLC
P.O. Box 59479
Philadelphia, PA 19102-9479

To Whom It May Concern

Subject: Exclusion Request

Please exclude the following from participation in the settlement of the above-referenced class action:

Grant S. Dawson

28 shares VERITAS Softwre DE $.001

purchased 7/17/2001

Cost basis $1,422.09 ($50.789 per share)

Sold 6/19/2002

Sales Price $647.06 ($23.11)

Respectfully,

Grant S. and Debra H. Dawson

cc: Paul J. Dulac, Jr.
    Merrill Lynch

10

June 24, 2005

Veritas Securities Litigation
Claims Administrator
c/o RG/2 Claims Administration LLC
P.O. Box 59479
Philadelphia, PA 19102-9479

Dear Sirs:

I wish to be excluded from In re Veritas Software Corporation Securities Litigation, master file no. C-03-0283-MMC.

I acquired 19 shares of Veritas Software Corporation (symbol VRTS) on 1/24/02. Those shares were sold on 11/18/02.

Thank you for your consideration.

*Joseph D. Feko*

Joseph D. Feko

11

Norbert J Woellhaf


Veritas Securities Litigation
Claims Administrator
c/o RG/2 Claims Administration LLC
PO Box 59479
Philadelphia, PA 19102-9479

Re:  VERITAS Software Corporation Securities Litigation

Whitehall, June 29,2005


Sir/Madame,

I kindly request to be excluded from any participation
in the class action suit against VERITAS Software Corporation
as my pecuniary gains far exceeded the losses during the
time period 01/03/2001 through 11/14/2002.

Thanking you for your kind consideration,

I remain,

Norbert J Woellhaf.

12

VERITAS Securities Litigation
Claims Administrator
c/o RG/2 Claims Administration LLC
P.O. Box 59479
Philadelphia, PA 19102-9479

June 29, 2005

To Whom It May Concern:

This is to inform you that I wish to exclude myself from the class action VERITAS
Software Corporation Securities Litigation, Master File No. C-03-0283-MMC. I will
pursue this litigation separately.

Sincerely,

G. F. Euston

|  |  | Purchase Price/ Sales Price |
|---|---|---|
| Shares Veritas common held at 1/3/2001: | 111.3 | $6,344 |
| Shares common acq'd (2/26/01) | 65 | $1,110 |
| Shares common sold ((9/04/01) | 115 | $2,309 |
| Shares common sold (8/06/02) | 61 | $ 966 |

13

July 10, 2005

Veritas Securities Litigation
Claims Administrator
c/o RG/2 Claims Admin. LLC
P.O. Box 59479
Philadelphia, PA 19102-9479

Re: Veritas Software
corporation Securities Lit.
Master File No. C-03-0283-mmc

This letter is to request EXCLUSION from the class action
suit for the total of 50 shares I held thru Prudential
Securities during the period 1/3/01-1/16/03. As these shares
were purchased for my IRA through a money manager
retained by Prudential I have limited information. Any
further information would need to be obtained from
Wachovia Securities (Effective 7/1/03).

Sincerely,

Marilyn J. Miller

14a

# Prudential Financial

Securities products and services are offered through Prudential Securities Incorporated, a Prudential

Retirement Account

Please Retain

MS MARILYN J MILLER

Jan 1 - Dec 31, 2001    Account Number:

| DESCRIPTION | QUANTITY | TRADE DATE | SETTLEMENT DATE | NET COST | NET PROCEEDS | EXPLANATION | ACCRUED INTEREST |
|---|---|---|---|---|---|---|---|
| VERITAS SOFTWARE CORP | 35 | 06/27/2001 | 07/02/2001 | 2,284.72 | | BOUGHT | |
| VERITAS SOFTWARE CORP | 15 | 07/02/2001 | 07/06/2001 | 986.00 | | BOUGHT | |
| VERITAS SOFTWARE CORP | 50 | 10/01/2001 | 10/04/2001 | | 913.99 | SOLD | |

14b

Ed & Dorothy Smith

July 11, 2005

Verita Securities Litigation
Claims Administrator
C/o RG/2 Claim Administration LLC
P.O. box 59479
Philadelphia, PA 19102-9479

Dear Sir,

Information on Revised Notice of Pendency and Proposed Settlement of Class Action
was not received until July 11, 2005 even though your exclusion request is to be
postmarked no later than July 5, 2005.

We are requesting exclusion In re Veritas Software Corporation Securities Litigation,
Master File NO. C-03-0283-MMC. Attached is information on securities purchased
between January 2,2001 and January 16, 2003.

Ed Smith,

Dorothy Smith

Phone:

15

Account: SMITH,EBD     70R7664

| Symbol Description | Curr Price | Current Value | Opening Trans Closing Trans | Trade Date | TD Qty | Price/Shr | Total Cost | GNMAE Factor | UIT Flag | FI |
|---|---|---|---|---|---|---|---|---|---|---|
| TYC TYCO INTERNATIONAL LIMITED NEW (BERMUDA) | 30.04 | 1,201.60 | Receive | 09/03/2002 | 40. | 15.250912 | 610.04 | | | N: N: |
| TYC TYCO INTERNATIONAL LIMITED NEW (BERMUDA) | 30.04 | 0.00 | Receive Sell | 09/03/2002 01/09/2004 | 140. | 15.250912 27.6141 | 2,135.13 3,865.78 | | | N: N: |
| TYC TYCO INTERNATIONAL LIMITED NEW (BERMUDA) | 30.04 | 0.00 | Receive Deliver | 09/03/2002 12/13/2004 | 50. | 15.250912 34.42 | 762.55 1,721.00 | | | H: H: |
| TYC TYCO INTERNATIONAL LIMITED NEW (BERMUDA) | 30.04 | 0.00 | Receive Sell | 09/03/2002 01/20/2005 | 65. | 15.250912 35.7427 | 838.80 1,995.78 | | | N: N: |
| TYC TYCO INTERNATIONAL LIMITED NEW (BERMUDA) | 30.04 | 3,454.60 | Buy | 03/13/2003 | 115. | 12.2016 | 1,403.21 | | | N: N: |
| MROOLD USX MARATHON GROUP | 0 | 0.00 | Buy Sell | 07/27/1999 10/13/2000 | 115. | 31.10374 28.625 | 3,576.93 3,291.77 | | | N: N: |
| MROOLD USX MARATHON GROUP | 0 | 0.00 | Buy Sell | 09/20/1999 10/13/2000 | 100. | 31.9375 28.625 | 3,193.75 2,862.40 | | | N: N: |
| MROOLD USX MARATHON GROUP | 0 | 0.00 | Buy Sell | 08/20/1999 05/21/2001 | 190. | 31.93753 33.28 | 6,068.13 6,322.88 | | | N: N: |
| UPS UNITED PARCEL SERVICE INCORPORATED CLASS B | 69.95 | 0.00 | Buy Sell | 12/26/2000 05/25/2001 | 75. | 57.10187 58.9294 | 4,282.64 4,411.63 | | | N: N: |
| UTX UNITED TECHNOLOGIES CORPORATION | 51.54 | 2,677.00 | Stock Split | 08/03/2001 | 50. | 36.0504 | 1,802.52 | | | N: N: |
| UTX UNITED TECHNOLOGIES CORPORATION | 51.54 | 0.00 | Receive Sell | 08/03/2001 11/06/2003 | 30. | 72.100957 87.2278 | 2,163.03 2,616.71 | | | N: N: |
| UTX UNITED TECHNOLOGIES CORPORATION | 51.54 | 0.00 | Receive Sell | 08/03/2001 02/18/2004 | 15. | 72.100957 96.8091 | 1,081.51 1,452.07 | | | H: N: |
| UTX UNITED TECHNOLOGIES CORPORATION | 51.54 | 3,607.80 | Stock Split | 09/19/2001 | 70. | 22.972857 | 1,606.10 | | | N: N: |
| VRTSOLD VERITAS SOFTWARE COMPANY | 23.6 | 0.00 | Buy Sell | 02/28/2003 04/29/2003 | 115. | 16.9998 22.4122 | 1,954.98 2,577.27 | | | N: N: |
| VRTSOLD VERITAS SOFTWARE COMPANY | 23.6 | 0.00 | Buy Deliver | 07/07/2004 12/27/2004 | 185. | 17.1501 27.69 | 3,172.77 5,122.65 | | | N: N: |
| VZ VERIZON COMMUNICATIONS | 34.4 | 0.00 | Receive Sell | 05/14/2001 01/02/2003 | 100. | 53.70 38.8731 | 5,370.00 3,887.18 | | | N: N: |

20

\* 185 were gifted to Harrington Cancer Ctr. in Dec. 2004

\* 185 were gifted to Harrington Cancer Ctr. in Dec. 2004 shares

15a

Account: SMITH ED   (800)359-6448   7QR7684

| Symbol Description | Curr Price | Current Value | Opening Trans Closing Trans | Trade Date | Tfd Qty | Price/Shr | Total Cost | GNMAE Factor | UIT Flag | FA A |
|---|---|---|---|---|---|---|---|---|---|---|
| TJX TJX COMPANIES INCORPORATED NEW | 23.95 | 0.03 | Buy Sell | 04/01/2004 01/03/2005 | 65. | 24.7263 25.0473 | 1,607.21 1,628.03 | | | N/A N/A |
| TGT TARGET CORPORATION | 53.83 | 0.00 | Buy Sell | 03/21/2001 01/05/2004 | 50. | 38.773 37.0702 | 1,938.85 1,853.42 | | | N/A N/A |
| TEVA TEVA PHARMACEUTICAL INDUSTRIES LIMITED ADR (ISRAEL) | 30.8 | 1,232.00 | Stock Split | 08/16/2004 | 40. | 33.90225 | 1,358.49 | | | N/A N/A |
| TXN TEXAS INSTRS INCORPORATED | 29.75 | 1,487.50 | Buy | 10/17/2000 | 50. | 40.3125 | 2,015.63 | | | N/A N/A |
| TXN TEXAS INSTRS INCORPORATED | 28.75 | 446.25 | Buy | 08/05/2003 | 15. | 20.7025 | 310.54 | | | N/A N/A |
| TWX TIME WARNER INCORPORATED | 16.42 | 0.00 | Buy Sell | 11/29/2004 03/23/2005 | 75. | 17.7416 17.8939 | 5,330.64 1,341.99 | | | N/A N/A |
| TAP.AOLD TRAVELERS PROPERTY CAS CORPORATION NEW CLASS A | 0 | 0.00 | Spin Off Sell | 11/14/1997 08/29/2002 | 0.24 | 10.89358 15.9382 | 2.58 3.83 | | | None N/A |
| TAP.AOID TRAVELERS PROPERTY CAS CORPORATION NEW CLASS A | 0 | 0.00 | Spin Off Sell | 11/14/1997 09/16/2002 | 3. | 10.86365 13.9355 | 31.89 41.80 | | | None N/A |
| TAP.BOLD TRAVELERS PROPERTY CAS CORPORATION NEW CLASS B | 0 | 0.00 | Spin Off Sell | 11/14/1997 08/29/2002 | 0.657 | 11.60204 17.1774 | 7.57 11.29 | | | None N/A |
| TAP.BOID TRAVELERS PROPERTY CAS CORPORATION NEW CLASS B | 0 | 0.00 | Spin Off Sell | 11/14/1997 09/16/2002 | 6. | 11.520204 14.228 | 69.12 85.39 | | | None N/A |
| VRTSOLD VERITAS SOFTWARE COMPANY | 23.6 | 0.00 | (Buy) (Sell) | 10/17/2000 01/25/2005 | 15. | 146.125 24.631 | 2,191.88 369.45 | | | N/A N/A |
| VRTSOID VERITAS SOFTWARE COMPANY | 23.6 | 0.00 | (Buy) (Sell) | 09/23/2002 01/25/2005 | 35. | 19.16 24.631 | 670.25 882.06 | | | N/A N/A |
| VRSN VERISIGN INCORPORATED | 30.02 | 1,350.90 | Buy | 06/10/2005 | 45. | 31.2105 | 1,404.47 | | | N/A N/A |
| WMT WAL MART STORES INCORPORATED | 49.9 | 0.00 | Buy Sell | 01/16/2001 01/17/2002 | 40. | 54.1659 56.8858 | 2,166.64 2,275.38 | | | N/A N/A |
| WAG WALGREEN COMPANY | 46.89 | 0.00 | Buy Sell | 02/27/2002 11/25/2002 | 40. | 39.4959 28.4994 | 1,579.86 1,139.82 | | | N/A N/A |
| WAG WALGREEN COMPANY | 46.69 | 1,408.70 | Buy | 07/09/2005 | 30. | 49.3175 | 1,388.53 | | | N/A N/A |

15b